502 F.2d 970
 Jacob Traber BURNS, Plaintiff-Appellant,
v.
David L. ANDERSON and United States Fidelity & Guaranty
Company, Defendants-Appellees.
No. 74-2498 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Oct. 11, 1974.
 
 Garic K. Barranger, Covington, La., for plaintiff-appellant.
 Harold B. Carter, Jr., New Orleans, La., for defendants-appellees.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 JOHN R. BROWN, Chief Judge:
 
 
 1
 The question on this appeal is whether a district court may dismiss a personal injury diversity suit where it appears 'to a legal certainty' that the claim was 'really for less than the jurisdictional amount.'[1]
 
 
 2
 The suit grew out of an auto accident in which plaintiff Burns' automobile was struck amidships by that of defendant Anderson. Burns' principal injury was a broken thumb. He brought the action in the Eastern District of Louisiana, claiming $1,026.00 in lost wages and medical expenses and another $60,000.00 for pain and suffering. After a pre-trial conference and considerable discovery, the District Court dismissed for want of jurisdiction. Plaintiff appeals.
 
 
 3
 The test for jurisdictional amount was established by the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co.[2] There, the Court held that the determinant is plaintiff's good faith claim and that to justify dismissal it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. There is no question but that this is a test of liberality,[3] and it has been treated as such by this Court.[4] This does not mean, however, that Federal Courts must function as small claims courts. The test is an objective one and, once it is clear that as a matter of law the claim is for less than $10,000.00, the Trial Judge is required to dismiss.
 
 
 4
 In the instant case, the District Judge dismissed only after examination of an extensive record. This record included the testimony of three doctors who treated Burns, as well as his own deposition. The accident occurred on May 26. The evidence is without contradiction that by the middle of August only very minimal disability remained. By December, even this minor condition had disappeared. Burns' actions speak even more strongly than the medical testimony. In his deposition he testified that he took a job as a carpenter's assistant on June 21 or 22-- less than a month after the accident. He did heavy manual labor for the remainder of the summer with absolutely no indication of any difficulty with his thumb. It is equally clear that any pain he suffered was not of very great magnitude or lasting duration. Burns admitted that by the end of July there was no pain whatsoever. As a matter of fact, the evidence reveals that the only medication he ever received was a single prescription on the day of the accident for Empirin, a mild aspirin compound. Nor did his special damages take him a significant way down the road to the $10,000.00 minimum. His total medical bills were less than $250.00. Although he claims $800.00 in lost wages, it is difficult to see how this could have amounted to even $300.00 at Burns' rate of pay that summer.[5]
 
 
 5
 The point of this fact recitation is that it really does appear to a legal certainty that the amount is controversy is less than $10,000. This is no Plimsoll case,[6] where dismissal was based on 'bare bones pleadings' alone. The present situation differs from that case also in that this dismissal was for lack of subject matter jurisdiction not for failure to state a claim. Here the Trial Court examined an extensive record and determined as a matter of law that the requisite amount in controversy was not present. Indeed, had the case gone to trial and had the jury returned an award of $10,000, a Gorsalitz-girded Judge would have been compelled as a matter of law to order a remittitur. He would have inescapably found that the verdict was 'so inordinately large as obviously to exceed the maximum of the reasonable range within which the jury may properly operate.'[7] Of course, we decline to make any more precise determination of plaintiff's loss since to do so might prejudice his right to a trial in another court.
 
 
 6
 Neither are we affected by plaintiff's plaintive plea that he is being deprived of a jury trial. The question in this case is not whether Burns is entitled to a trial by jury but rather where that trial is to be. We hold only that the case cannot be tried in the Federal Court because competence over it has not been granted to that Court by Congress.
 
 
 7
 Affirmed.
 
 
 
 [1]
 St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845, 848
 
 
 [2]
 Id
 
 
 [3]
 See Bell v. Preferred Life Assurance Society, 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15; Horton v. Liberty Mutual Ins. Co., 1961, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890
 
 
 [4]
 E.g. Jones v. Landry, 5 Cir., 1967, 387 F.2d 102; Mas v. Perry, 5 Cir., 1974, 489 F.2d 1396; Miami Beach Yacht Corp. v. Terro Corp., 5 Cir., 1972, 461 F.2d 770; Anderson v. Moorer, 5 Cir., 1967, 372 F.2d 747; Burks v. Texas, 5 Cir., 1954, 211 F.2d 443. Of course there have been situations where the pain, suffering and other intangible factors were so slight that no substantial evidence could be offered to support a verdict for as much as the jurisdictional amount. Starks v. Louisville & Nashville R.R. Co., 5 Cir., 1972, 468 F.2d 896; Matthiesen v. Northwestern Mutual Ins. Co., 5 Cir., 1961, 286 F.2d 775; Leehans v. American Employers Ins. Co., 5 Cir., 1959, 273 F.2d 72
 
 
 [5]
 Burns was making the minimum wage, $1.65 an hour. Four forty-hour work weeks at this wage grosses $264.00
 
 
 [6]
 Cook & Nichol, Inc. v. Plimsoll Club, 5 Cir., 1971, 451 F.2d 505
 
 
 [7]
 Gorsalitz v. Olin Mathieson Chemical Corp., 5 Cir., 1970, 429 F.2d 1033, 1046