**Alice GRADY, Plaintiff,**

**v.**

**DAYTON HUDSON CORPORATION, a Minnesota corporation, d/b/a J.L. Hudson Company, Defendant.**

**No. 84–CV–3081–DT.**

United States District Court, E.D. Michigan, S.D.

June 10, 1985.

John C. Talpos, Troy, Mich., for plaintiff.

Scott A. Alles, Mt. Clemens, Mich., for defendant.

## ORDER REMANDING ACTION TO WAYNE COUNTY CIRCUIT COURT

La PLATA, District Judge.

On May 29, 1984, Plaintiff, Alice Grady, filed a lawsuit in the Wayne County Circuit Court against Defendant, Dayton Hudson Company, alleging that she sustained injuries as a result of a slip and fall incident that occurred at Defendant's Pontiac Mall outlet. Under 28 U.S.C. § 1446(b), Defendant, which is incorporated and has its principal place of business in the State of Minnesota, caused the matter to be removed to this Court.

On May 9, 1985, the action was mediated by a three person panel, which rendered an evaluation of Five Thousand ($5,000.00) Dollars. In light of the mediation award, Defendant filed a request with this Court for a remand to the Wayne County Circuit Court.

Under 28 U.S.C. § 1332, a federal court has original jurisdiction over a cause if it is between citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds $10,000.00. See, generally, Wright, Law of Federal Courts, § 24 (3d ed. 1976). In 1958, Congress increased the jurisdictional amount from $3,000.00 to the current amount, with the design to reduce congestion in federal courts. See *Lynch v. Household Finance Corp.*, 405 U.S. 538, 550, 92 S.Ct. 1113, 1121, 31 L.Ed.2d 424 (1972).

In *Nelson v. Keefer*, 451 F.2d 289 (3d Cir.1971), three individuals filed an action against defendants for injuries allegedly sustained in an automobile accident. In view of the fact that each plaintiff had incurred only an insignificant amount of damages, the district judge concluded that the amount in controversy did not reach the $10,000.00 level and, thus, dismissed the matter for lack of subject matter jurisdiction. In upholding the lower court's dismissal of the case, the Third Circuit Court of Appeals reasoned:

> Nor can we bring ourselves to believe that the congressional mandate can be thwarted by the simple expedience of inflating the complainant's ad damnum clause. It is a phenomenon of both state and federal trial courts that the majority of actual recoveries by verdict and settlement are less than the jurisdictional amount, there has been no reduction in private civil litigation, including tort cases, and that the "reason for this unfortunate result is the inflexibility of the applicable 'good faith-legal certainty' test." We agree. But "the fault is not in our stars, but in ourselves." Because the federal judiciary has been too timid to execute the congressional mandate in personal injury actions, we have all con- tributed to clogging dockets, monopolizing trial rooms, and committing the expense and energies of our system to a plethora of cases which do not belong in federal courts.

In *Burns v. Anderson*, 502 F.2d 970 (5th Cir.1974), the Fifth Circuit Court of Appeals affirmed the dismissal by the District Court of a personal injury case where the plaintiff's sole injury was a fractured thumb. Similarly, in *Gill v. Allstate Insurance Co.*, 458 F.2d 577, 579 (6th Cir. 1972), the Court upheld the power of a trial judge to dismiss a case where the amount in dispute, in actuality, was for a sum less than the jurisdictional requirement. See, also, *Nenoff v. Thompson*, 480 F.2d 1221 (6th Cir.1973)).

■ As the above-cited cases indicate, a court can look behind the complaint to ascertain the good faith value of the claim presented. In his one volume treatise on federal law, Professor Wright expressed the following view:

> Even in the simpler situations here discussed, the rules for measurement of the amount in controversy are complex. This is because of the two contradictory goals that the rules seek to achieve. The amount in controversy cannot be made dependent on the amount the plaintiff will ultimately recover. To do so would make jurisdictional turn on a guess by the trial court as to the final outcome, or would require a preliminary trial on jurisdiction that would duplicate the regular trial on the merits, or would demand a wasteful jurisdictional dismissal, after the case has been fully heard on the merits, because the final award was less than the jurisdictional amount. All these considerations argue in favor of looking to the amount claimed, rather than the amount that will be recovered. *At the same time, jurisdiction cannot be determined solely by what the plaintiff has asked for. To do so would destroy the jurisdictional amount requirement, and would permit the party to create jurisdiction by a wholly frivolous claim. In short, the court should not*

*entertain the suit if the claim for the jurisdictional amount is entirely without merit, but the court should not decide the merits of the case in making that determination.* (Emphasis supplied) Wright, Law of Federal Courts, § 33 at 127 (3d ed. (1976).

A review of the file in this case, particularly Plaintiff's Answers to Defendant's Interrogatories, reveals that Plaintiff missed two days of work as a result of the slip and fall accident, incurring a total wage loss of $112.00. Her medical expenses, including medication, amounted to $358.00. Plaintiff's injury essentially was that of a strained lower back. In an interrogatory answer, she conceded that the injury is not permanent.

While this Court does not question the good faith of plaintiff's attorney in asserting in state court that the amount in controversy in this case exceeded $10,-000.00, it concludes, to a legal certainty, based in part on the $5,000.00 mediation award, that Plaintiff's claim does not satisfy the jurisdictional requirement. It is of note that had Defendant not removed the cause to federal court, in all likelihood the case would have been remanded by the circuit court to the applicable district court within that circuit. See M.G.C.R. 4.003(A) [formerly G.C.R. 1963, 707.1]; *Riggs v. Szymanski*, 62 Mich.App. 610, 233 N.W.2d 670, 672 n. 7 (1975).

WHEREFORE, IT IS HEREBY ORDERED that this matter be remanded to the Wayne County Circuit Court.

So ordered.