**THE BARBERS, HAIRSTYLING FOR MEN & WOMEN, INC., et al., Plaintiffs,**

v.

**Lela BISHOP, et al., Defendants.**

**No. 97 C 3263.**

United States District Court, N.D. Illinois, Eastern Division.

May 5, 1997.

---

William J. McKenna and Bradley E. Riley of Hopkins & Sutter, Chicago, IL, for Plaintiffs.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

The Barbers, Hairstyling for Men & Women, Inc. ("Barbers") and two other corporations have filed what they label their Petition To Compel Arbitrations ("Petition") against 24 individual defendants, purporting to invoke federal jurisdiction on diversity-of-citizenship grounds. Based on its initial review of the Petition,[1] this Court sua sponte dismisses both the Petition and this action for lack of subject matter jurisdiction.

All of the defendants have previously joined as name plaintiffs in a putative class action against the three plaintiff corporations and a number of other defendants in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, under the case caption *Bishop v. Doctor's Associates. Inc.*, No. 97 L 231. Here the corporate plaintiffs (which are numbered among the defendants in the state court lawsuit) seek to force the controversies that have been identified in that putative class action to be submitted instead to binding arbitration at the American Arbitration Association's office here in Chicago. But an examination of the Petition and of the Complaint in the Madison County action (Petition Ex. 1) confirm that plaintiffs cannot properly call on this federal court to take on this action.

■ To begin with, plaintiffs' counsel inexplicably refer in the Petition only to the *residence* of each of the individual defendants, although of course their respective states of *citizenship* (which may differ from where they reside) are instead the relevant facts for diversity jurisdiction under 28 U.S.C. § 1332(a)[2]—see, e.g., *America's Best Inns. Inc. v. Best Inns of Abilene. L.P.*, 980 F.2d 1072, 1074 (7th Cir.1992) (per curiam); *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir.1993) (per curiam). That lapse on counsel's part is only partially cured by the fact that the states of citizenship of most of the defendants have in fact been identified in the Madison County Complaint, where the same persons are named as plaintiffs in the putative class action.[3] But as to three of the defendants—Donald, Monica and Darrel Costello—Petition ¶¶ 19–21 and Madison County Complaint ¶ 19 speak *only* of their respective states of residence. Diversity between all plaintiffs on the one hand and all defendants on the other must of course be total (*Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Hence even that partial omission compels this Court to reject the case, as it now stands, on subject matter jurisdictional grounds.

Because it seems likely that the flaw referred to in the preceding paragraph would turn out to be curable, this Court would ordinarily (as it typically does in such situations) simply grant plaintiffs leave to effect such a cure, if possible, within some specified short period of time (see Section 1653). But here that would do plaintiffs no good, for the other essential component of diversity jurisdiction—the requisite amount in controversy—is also lacking.

■ Petition ¶ 25 does assert—without any support—that "the individual matters in controversy each exceed the sum or value of $75,000.00, exclusive of interest and costs." That assertion is directly belied, however, by the underlying Madison County Complaint

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):
    The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.
    In this instance the Petition is of course the initial pleading—the complaint.

2. All further references to Title 28's provisions will simply take the form "Section—."

3. Thus we have the ironic situation in which a state court lawsuit (where the parties' states of citizenship are unnecessary to subject matter jurisdiction) does identify most of the individuals' respective states of citizenship, while the federal court complaint here (where such identification is essential to the existence of jurisdiction) is totally silent on the subject.

that plaintiffs have made an integral part of their claim. As the Petition here makes plain, plaintiffs' prayer for relief (emphasis added) asks for "an Order pursuant to 9 U.S.C. § 4 directing *each defendant* to proceed with a *separate arbitration* with plaintiffs in the manner provided by the arbitration provisions of the parties' franchise agreements." But as the state court Complaint makes crystal clear, each of the persons named here as defendants (or sets of defendants, where applicable), all of whom have brought their respective claims as plaintiffs in the state court, has *expressly* limited those claims to less than $75,000 (and has also done so on behalf of all other putative class members) via state court Complaint ¶ 52:

> The claims for actual damages and punitive damages, treble damages and attorneys fees in the aggregate, under all counts of this Complaint against all Defendants, when combined, do not exceed the sum of $74,950.00 for each franchisee.

That allegation is incorporated by reference into each of the several counts in the state court lawsuit, and the prayer for relief in each count reiterates that limitation.

■ It is equally patent that the plaintiffs in that state court litigation, now the prospective defendants here, did not pick that figure out of the air. They and their lawyers were obviously keenly mindful of the minimum jurisdictional amount in controversy required for diversity litigation, and they clearly wanted to forestall any possible removal of their state court lawsuit to the federal courts. This Court has confirmed in a number of opinions (*In re Amino Acid Lysine Antitrust Litig.*, 927 F.Supp. 273, 275–76 (N.D.Ill.1996) appears to be the only one published in F.Supp.) that at least one name plaintiff in a putative class action grounded in diversity must possess the requisite amount in controversy before federal jurisdiction can attach— and in this instance *none* of the present defendants meets that requirement vis-a-vis the present plaintiffs.

As is taught by the seminal (and still definitive) opinion in this area, *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938):

> If [plaintiff] does not desire to try his case in the *federal court* he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.

In this situation each defendant or set of defendants has expressly and deliberately limited his, her or their claim to an amount that is less than the over-$75,000 federal jurisdictional amount. That limitation also necessarily controls where (as here) plaintiffs seek to force the arbitration of those claims as they have been advanced by defendants, and that limitation is fatal—and incurably fatal—to this federal court action.

Accordingly, as stated at the outset of this opinion, subject matter jurisdiction is lacking here. Both the Petition and this action are dismissed for that reason.