The **BARBERS, HAIRSTYLING FOR MEN & WOMEN, INC., et al.,** Plaintiffs–Appellants,

v.

**Lela BISHOP, et al., Defendants–Appellees.**

No. 97–2360.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 5, 1997.

Decided Dec. 30, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 26, 1998.

**1204**

William J. McKenna, Jr., Hopkins & Sutter, Chicago, IL, Kirk W. Reilly (argued), Steven A. Mogck, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, MN, for Plaintiffs–Appellants.

Jacquelyn F. Kidder, Ross & Hardies, Chicago, IL, David M. Duree (argued), Robert L. Carter, Reinert & Duree, St. Louis, MO, for Defendants–Appellees.

Before EASTERBROOK, DIANE P. WOOD, and EVANS, Circuit Judges.

EASTERBROOK, Circuit Judge.

■ Some operators of We Care Hair® salons began a class action in state court alleging that their franchisors violated Illinois law. The suit could not have been removed under 28 U.S.C. § 1441 because it is not within the federal courts' original jurisdiction: it arises under state rather than federal law, and the parties are not of completely diverse citizenship. Seeking to make doubly sure that they would remain in state court, the plaintiffs' complaint alleges:

> The claims for actual damages and punitive damages, treble damages and attorneys fees in the aggregate, under all counts of this Complaint against all Defendants, when combined, do not exceed the sum of $74,950.00 for each franchisee.

Defendants did not attempt to remove the case. But some have filed two original actions in federal court under the Federal Arbitration Act. They want the court to compel the franchisees to arbitrate rather than litigate their disputes. A demand for arbitration based on a clause in a domestic contract does not arise under federal law, see *Minor v. Prudential Securities, Inc.*, 94 F.3d 1103, 1105 (7th Cir.1996), so the suits must be dismissed unless 28 U.S.C. § 1332 provides jurisdiction.

The first case was assigned to Judge Gottschall, who held that the requirements of the diversity jurisdiction had been satisfied. *We Care Hair Development, Inc. v. Engen*, No. 97 C 2579 (N.D.Ill.1997). The second case, by firms claiming to be the original franchisor's successors in interest, was assigned to Judge Shadur, who dismissed for lack of federal jurisdiction in light of the damages cap in the state-court complaint. *The Barbers, Hairstyling for Men and Women, Inc. v. Bishop*, 962 F.Supp. 124 (N.D.Ill. 1997). Judge Gottschall has since enforced the arbitration clauses and enjoined prosecution of the pending state case. Earlier the state trial judge had ruled that the arbitration clauses are unenforceable under the public policy of Illinois; that ruling was on appeal when the injunction issued. If Judge Shadur is right, the state case should continue unimpeded. The appeal from Judge Shadur's order has reached us first, and we have endeavored to act swiftly in order to eliminate the conflict within the district court.

Judge Shadur concluded that the complaint before him failed to meet either the complete-diversity or the amount-in-controversy requirements. The former deficiency was cured in an amended exhibit to the complaint. The latter deficiency Judge Shadur deemed insuperable, ruling that the $74,950 amount specified in the state court complaint must be respected unless it is "clear to a legal certainty" that the franchisees will recover more. Barbers has not tried to show that it is *certain* that they will do so. Although Barbers did contend that money damages are not the only relief in prospect—that the state court may award equitable remedies such as rescission that are worth more than $50 per plaintiff—Judge Shadur concluded that the state-court com-

plaint does not seek equitable relief. Judge Gottschall read the state-court complaint differently and added that because the franchisees can amend their complaint any damages cap is illusory. More important from Judge Gottschall's perspective, however, is the fact that the franchisors are the plaintiffs in the federal suits and therefore receive the benefit of the doubt when determining the amount in controversy.

■ Accepted wisdom has it that, when deciding whether a claim meets the minimum amount in controversy, the plaintiff's evaluation of the stakes must be respected. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). See also *Pratt Central Park Limited Partnership v. Dames & Moore, Inc.*, 60 F.3d 350 (7th Cir.1995). A corollary remarked in *St. Paul Mercury* is that a plaintiff in state court may prevent removal by committing to accept less than the federal jurisdictional minimum. *St. Paul Mercury* was decided when the demands in pleadings were conclusive. Judge Shadur held that a limited financial demand in a pleading precludes removal even when amendment is possible—indeed, even when state law, following the approach of Fed. R. Civ. P. 54(c), treats the sum in a pleading as irrelevant. Under Rule 54(c), "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Many states, of which Illinois is one, see 735 ILCS 5/2–604, follow the federal lead and permit parties to recover more than their pleadings seek. Indeed, § 5/2–604 actually forbids a financial demand in any complaint for personal injury, treating such figures as addressed only to the newspapers. The prohibition does not cover commercial cases, so the franchisees were entitled to include the $74,950 *ad damnum* in their complaint, but under Illinois law it is ineffectual.

■ What effect to give to non-binding pleadings is a subject on which this circuit has not yet come to rest. See *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir.1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir.1993); *In re Shell Oil Co.*, 966 F.2d 1130, after remand, 970 F.2d 355 (7th Cir.1992). These cases recognize that a *binding* cap on damages prevents removal, and that by the time a case arrives in federal court it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. Beyond that, the standard is hazy. May the defendant remove if it establishes by a preponderance of the evidence that the plaintiff is likely to recover more? *Chase* suggests, but does not hold, that the answer is yes. One passage in *Shaw* might be read to support the proposition that even a legally-irrelevant figure in a plaintiff's complaint precludes removal unless the plaintiff is "legally certain" to recover more than the jurisdictional minimum, see 994 F.2d at 366, but the only citation was to the first opinion in *Shell*, which said no such thing. Instead *Shell* observed that a panel of the fifth circuit had so held—but that this decision had been vacated by the fifth circuit en banc. 966 F.2d at 1131. We didn't decide the question in *Shell* and don't need to decide it today either, for two reasons.

First, Barbers did not remove the state-court action. It filed an independent suit in federal court. As the plaintiff, Barbers receives the benefit of the doubt under *St. Paul Mercury*. Unless it is legally certain that the stakes of the arbitration would be $75,000 or less per franchisee, then the claim satisfies the jurisdictional minimum. (It is the stakes per franchisee, rather than the aggregate stakes, that matters, see *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599 (7th Cir.1997), although if the stakes exceed $75,000 for one franchisee, then others may be brought in under the supplemental jurisdiction of 28 U.S.C. § 1367. See *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928 (7th Cir.1996); *Channell v. Citicorp National Services, Inc.*, 89 F.3d 379 (7th Cir.1996).) Let us suppose that no Illinois court would award any of the franchisees more than $74,950. This does not limit the stakes of the

arbitration. An arbitrator might award more. And whether or not the franchisees have demanded rescission in state court, one issue in any arbitration is bound to be whether the franchisees must continue to operate We Care Hair® salons and remit agreed fees. Barbers' amended complaint asserts that the agreements have at least 14 years to run, and that franchisees pay an average of $13,120 apiece per year under their agreements. The present value of $13,000 per year for 14 years comfortably exceeds $75,000. Moreover, the amended complaint alleges that some of the franchisees have stopped remitting or otherwise are out of compliance. For franchisees that have elected self-help it is the franchisor that wants legal relief.

Second, the stakes almost certainly exceed $75,000 per franchisee even if we analogize this suit to a removal, treat the franchisees as the "real" plaintiffs, and assume that no award of damages will exceed $74,950. Whether or not the state-court complaint seeks, and whether or not the state court is likely to award, equitable relief, one question necessarily at issue is the status of the franchises. The complaint contends that the franchise agreements are invalid under Illinois law. An award of damages based on a conclusion that the agreements are invalid necessarily would permit the franchisees to disaffiliate from the We Care Hair® business and cease making payments. Because the payment stream is worth more than $50 from the perspective of both franchisees and franchisors, the stakes of the state litigation exceed the jurisdictional minimum. Our circuit has an internal disagreement about whether the stakes should be measured by what the plaintiff stands to gain, what the defendant stands to lose, or both. See *Brand Name Prescription Drugs*, 123 F.3d at 609–10. Because the combination of damages received and future-payment obligation avoided would be worth more than $75,000 to the franchisees, and would injure Barbers by more than $75,000, it is not necessary to wrestle this issue to the ground today.

There may be other obstacles to continuation of the litigation. The state case got under way before either federal suit; this mirror-image litigation could be stayed while the state case proceeds. Cf. *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). Perhaps the state court's ruling on the enforceability of the arbitration clauses is entitled to preclusive effect in the federal litigation—although 28 U.S.C. § 1738 makes the effect of a state judgment turn on state law, and the unwillingness of Illinois to give collateral estoppel (claim preclusion) effect to judgments while they are on appeal, see *Ballweg v. Springfield*, 114 Ill.2d 107, 102 Ill.Dec. 360, 499 N.E.2d 1373 (1986), implies that the federal court must make an independent decision. All we hold today is that the complaint comes within the diversity jurisdiction.

One final subject requires brief comment. It is unfortunate that two district judges entered contradictory decisions in what is effectively a single controversy. Several other recent appeals have entailed similar disagreements among judges of the district court. E.g., *Gibson v. Bob Watson Chevrolet–Geo, Inc.*, 112 F.3d 283 (7th Cir.1997); *Old Republic Insurance Co. v. Chuhak & Tecson, P.C.*, 84 F.3d 998 (7th Cir.1996). The district court's rules provide that later-filed suits related to pending cases may be transferred to the judge conducting the first-filed case. N.D. Ill. R. 2.31. Judge Shadur decided the jurisdictional question before taking up the "relatedness" issue even though the same issue in the same controversy was already before Judge Gottschall. Although the local rules do not forbid this step, the district court may wish to consider whether the recurrence of such internal divisions justifies an amendment of its rules. What matters now is that the litigation before Judge Gottschall is well advanced. On remand, this case must be reassigned to Judge Gottschall. See Circuit Rule 36.

Vacated and Remanded.