FREEBORN & PETERS, an Illinois
General Partnership, Plaintiff,

v.

Mark JACOBSON and Randi
Jacobson, Defendants.

No. 99 C 2017.

United States District Court,
N.D. Illinois,
Eastern Division.

March 30, 1999.

Leland W. Hutchinson, Jr., Todd J. Ohlms, Freeborn & Peters, Chicago, IL, for plaintiff.

## OPINION and ORDER

NORGLE, District Judge.

"The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986).

Plaintiff, Freeborn & Peters ("Freeborn"), is an Illinois general partnership of attorneys with its principal place of business in Chicago, Illinois. On March 26, 1999, Freeborn filed a complaint against Mark Jacobson ("Mark Jacobson") and Randi Jacobson ("Randi Jacobson") (collectively referred to as the "Jacobsons"). The Jacobsons are a married couple who retained Freeborn in a separate action. The complaint alleges that under an agreement entered July 18, 1996, Mark Jacobson owes Freeborn $158,102.88 in unpaid attorney's fees and an unspecified bonus. In the alternative, Freeborn alleges that the Jacobsons are liable for the reasonable

value of the services rendered. Problematic, however, are Freeborn's allegations regarding the court's jurisdiction.

In its jurisdictional statement, Freeborn alleges:

4. Plaintiff is an Illinois general partnership of attorneys having its principal place of business in Cook County, Illinois.

5. Defendant is a resident of the state of New York and is engaged in various businesses, primarily in New York, New York.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

(Compl. at ¶¶ 4–6.) Freeborn asserts that the court has subject-matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. Because Freeborn is the party seeking to invoke federal diversity jurisdiction, it bears the burden of demonstrating that the requirements of complete diversity are met. *See Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997). For the reasons stated below, the court concludes that Freeborn has not met its burden and dismisses the complaint because Freeborn fails to sufficiently plead diversity jurisdiction. *See* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also United States v. County of Cook,* 167 F.3d 381, 387 (7th Cir.1999) ("No court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction.").

■ "Courts in the federal system are obliged to police the statutory and constitutional limitations of their subject matter jurisdiction." *Krueger v. Cartwright,* 996

F.2d 928, 930 (7th Cir.1993). Accordingly, jurisdictional issues should receive priority consideration. *See Jackson v. Resolution GGF Oy,* 136 F.3d 1130, 1132 (7th Cir. 1998). In *Market Street Associates Ltd. Partnership v. Frey,* 941 F.2d 588, 590 (7th Cir.1991), the Seventh Circuit emphasized to judges and lawyers alike the duty to carefully scrutinize jurisdiction, stating:

We remind the bench and bar of this circuit that it is their nondelegable duty to police the limits of federal jurisdiction with meticulous care and to be particularly alert for jurisdictional problems in diversity cases in which one or more of the parties is neither an individual or a corporation.

■ The rule of complete diversity of citizenship has been set in stone since the Supreme Court's decision in *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Under the rule, parties on the opposing sides of the legal ledger (*i.e.,* plaintiff(s) and defendant(s)) must be of different citizenship. *See Stromberg Metal Works, Inc., Comfort Control, Inc. v. Press Mechanical, Inc.,* 77 F.3d 928, 932 (7th Cir.1996); *see also Barbers v. Bishop,* 962 F.Supp. 124, 125 (N.D.Ill.) ("Diversity between all plaintiffs on the one hand and all defendants on the other must of course be total"), *vacated on other grounds,* 132 F.3d 1203 (7th Cir.1997). When a partnership is a party, the citizenship of a partnership is the citizenship of all of the partners. *See Carden v. Arkoma Associates,* 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). If even one of the partners is a citizen of the same state as the opposing party, the suit cannot be maintained as a diversity action. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998) (*citing Carden,* 494 U.S. 185, 110 S.Ct. 1015).

■ "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S.

83, ——, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998) (*quoting Mansfield, C & L M R Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)). Therefore, in every diversity action, it is critical that the *citizenship* of the parties be clearly established from the onset. Allegations of *residency* are not sufficient, *see Held v. Held*, 137 F.3d 998, 1000 (7th Cir.1998), nor is a bare recitation that subject-matter jurisdiction exists, *see Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir.1999). "When the parties allege residence but not citizenship, the court must dismiss the suit." *Guaranty Nat'l Title Co. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir.1996).

■ Here Freeborn fails to state any party's citizenship. The complaint merely mentions the residence of "Defendant" in the singular (although there are two defendants). Without allegations showing that the Jacobsons are of diverse citizenship of every partner at Freeborn, the complaint falls far short of providing what the federal courts have required for nearly two centuries. Therefore, the complaint is dismissed for lack of subject-matter jurisdiction.

IT IS SO ORDERED.