**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

————————————

No. 98-60582

————————————

WILLIE L. BAILEY
and
JUSTIN BAILEY,

Plaintiffs-Appellants,

VERSUS

UNITED STATES FIDELITY AND GUARANTY COMPANY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
(4:97-CV-133-S-B)

————————————————

May 10, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Willie and Justin Bailey (the "Baileys") sued United States Fidelity & Guaranty Company ("USF&G") for $500,000 in compensatory damages and $12 million in punitive damages *each* following their discovery of a billing error by USF&G that caused them to pay an extra $531 in insurance premiums over a three-year period. The district court entered summary judgment for USF&G. Because the claim for $25 million does not in good faith meet the amount in controversy requirement of 28 U.S.C. § 1332, we vacate

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and remand for entry of a judgment of dismissal for want of jurisdiction.

I.

On August 9, 1994, Eric Holloway was killed when his motorcycle crashed into the rear of a truck that Justin Bailey was driving.  The Baileys' insurer, USF&G, promptly settled any potential claims that the Holloway heirs might have, via a $25,000 payment to those heirs.

The Baileys filed an uninsured motorist claim with USF&G for approximately $1,000 to cover minor damage to their truck and the cost of a rental vehicle.  On September 26, USF&G offered to pay the Baileys 80% of their uninsured motorist claim.  The Baileys' response to this offer was "thanks but no thanks," because they did not wish to be a part of any agreement that implied that Justin Bailey was 20% at fault.  Thereafter, the Baileys did not pursue this claim.

Two years later, the Baileys noticed that their automobile insurance bill had gone up, resulting from a surcharge stemming from the accident.  This surcharge was in contravention of the terms of the policy, as USF&G discovered and acknowledged during the discovery phase of this litigation.  In response to this discovery, USF&G refunded the $531 in surcharge it had collected and even paid the entirety of the Baileys' 1994 uninsured motorist claim, which USF&G was under no apparent legal obligation to do.

## II.

The Baileys did not drop their complaint against USF&G, but rather continued full steam ahead, alleging a variety of harms stemming from USF&G's "negligence," "gross negligence," and "reckless disregard." As best the district court could discern, the Baileys' claims were for (1) USF&G's initial denial of their 1994 uninsured motorist claim; (2) USF&G's settlement of the potential Holloway claim without the Baileys' permission; (3) USF&G's imputation of fault to Justin Bailey via the offer to compensate the Bailey's for only 80% of their uninsured motorist claim; and (4) intentional or reckless imposition of a surcharge to the Baileys' insurance premiums in contravention to the terms of the insurance policy, despite the subsequent refund.

## III.

Given that the Baileys' monetary damages stemming from the mistaken surcharge ($531) and the original "denial" of their uninsured motorist claim (approximately $1,000) total barely over $1,500, and given that the Baileys already have been fully compensated for these harms (even if they were not necessarily entitled to such compensation), the Baileys cannot, in good faith, claim damages totaling $25 million. Their presumable rationale for their $25 million claim is that (1) USF&G's decision to assume 20% responsibility on the part of Justin Bailey amounted to "defamation," and (2) USF&G's clerical error, resulting in a $531 premium surcharge over three years, constituted the intentional (or

3

reckless) infliction of "emotional pain" and "mental anguish." These arguments are frivolous, and as such lack the good faith basis needed to fulfill the amount in controversy requirement of 28 U.S.C. § 1332. *See* CHARLES A. WRIGHT, LAW OF FEDERAL COURTS § 33, at 199 (5th ed. 1994).

Generally, in tort cases, "the plaintiff's allegation of the amount in controversy is entirely controlling for purposes of a federal court's subject matter jurisdiction under the diversity statute." *Pupkar v. Tastaca*, 999 F. Supp. 644, 645 (D. Md. 1998) (citing *Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997)). The plaintiff's allegation will not control, however, in those instances in which it is not made in good faith. *Burns v. Anderson*, 502 F.2d 970, 971 (5th Cir. 1974); *Rosenboro v. Kim*, 994 F.2d 13, 16 (D.C. Cir. 1993). And, as one court observed, "Because the federal judiciary has been too timid to execute the congressional mandate in [tort litigation], we have all contributed to clogging dockets, monopolizing trial rooms, and committing the expense and energies of our system to a plethora of cases which do not belong in federal courts." *Grady v. Dayton Hudson Corp.*, 610 F. Supp. 258, 259 (E.D. Mich. 1985).

In *Burns*, we held "to a legal certainty" that a plaintiff's unliquidated damages tort claim based on a minor injury to his thumb could not meet the amount in controversy requirement of 18 U.S.C. § 1332 (which was then only $10,000). *See Burns*, 502 F.2d at 972. The instant case is reminiscent of *Burns*, in that the Baileys' unliquidated tort damages claims are patently absurd

4

and devoid of any potentially reasonable support on the limited record before us. As such, the $75,000 amount in controversy of 18 U.S.C. § 1332 has not been met, so the district court was without jurisdiction.

On remand, the district court may wish to consider, in its discretion, the propriety of sanctions, for frivolous and groundless pleadings, under FED. R. CIV. P. 11. A district court can levy sanctions even if it is without subject matter jurisdiction. *See Willy v. Coastal Corp.*, 503 U.S. 131 (1992). Because of the frivolous nature of these plaintiffs' invocation of federal jurisdiction, we tax appellate costs against them.

VACATED and REMANDED.