FAIRMONT TRAVEL, INC.

v.

GEORGE S. MAY INT'L CO., Sam El-kuka, Richard Bittman, Vernon Moore, John Bates, Michael Leon-pacher, and Joseph Rembusch.

No. Civ.A. G–99–559.

United States District Court, S.D. Texas, Galveston Division.

Nov. 16, 1999.

Richard Bittman, Vernon Moore, John Bates, Michael Leonpacher, Joseph Rembusch, defendants.

### ORDER GRANTING MOTION TO REMAND

KENT, District Judge.

On July 25, 1999, Plaintiff filed suit against Defendants in the 239th Judicial District Court of Brazoria County, Texas. Plaintiff alleged breach of contract, breach of warranty, common law fraud, misrepresentation, and violations of the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"). Defendants timely removed the case to this Court on September 7, 1999. Now before the Court is Plaintiff's Motion to Remand. Since the Court finds it is **WITHOUT SUBJECT MATTER JURISDICTION,** this motion is **GRANTED.**

### I. Factual Summary

Karol Fletcher is the president of Fairmont Travel, Inc. ("Fairmont Travel"), a small travel agency operating out of Pasadena, Texas. Fletcher alleges that in the winter of 1998, she was approached by Sam Elkuka, Joseph Rembush, and Michael Leonpacher, who are employees or representatives of the George S. May Int'l Co. (the "May Co."). After making various promises and representations, these individual Defendants eventually induced Fletcher, as president of Fairmont Travel, to enter into a contract with May Co, a financial consulting firm. May Co. was to provide customized financial consulting services designed to improve Fairmont Travel's bookkeeping and accounting systems, which in turn were supposed to increase the cash-flow and profitability of the travel agency.

Plaintiff claims she is the victim of a carefully orchestrated "scam". Plaintiff alleges that Defendants failed to deliver the promised customized services, and instead simply provided generic business forms and boilerplate financial documents. Although these forms and instructional

Don Allen Weitinger, Attorney at Law, Houston, TX, for Fairmont Travel, Inc., plaintiff.

Timothy Mitchell Watson, Seyfarth Shaw et al, Houston, TX, for George S. May International Company, Sam Elkuka,

materials could be obtained in a bookstore for under $400, Defendants billed Plaintiff more than $36,000 for these documents. Defendants actually managed to get paid because they had previously arranged for Plaintiff to obtain a $30,000 line of commercial credit. Obtaining the maximum possible credit line, and submitting bills calculated to exhaust that credit line, was, according to Plaintiff, an integral part of Defendants' scheme.

## II. Analysis

■ Defendants removed the case based on diversity jurisdiction. *See* 28 U.S.C. § 1332; § 1441(a). One of the requirements for diversity jurisdiction appears to be met, because the amount in controversy exceeds $75,000. Plaintiff claims that she paid Defendants more than $36,000 for services and products that were worth at most $350. In addition to actual damages amounting to a little less than $36,000, Plaintiff asserts claims under the DTPA, which allows recovery of double or even triple the amount of actual damages. *See* Tex.Bus. & Com.Code Ann. §§ 17.41–17.63 (West 1987 & Supp.1999). Plaintiff also seeks punitive damages, which might further swell her eventual recovery.

■ Generally, it is the "party who urges jurisdiction upon the court who must always bear the burden of demonstrating that the case is one properly before the federal tribunal." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 545 (5th Cir. Unit A Dec.1981). The Supreme Court has established the "legal certainty" test for assessing whether a plaintiff has demonstrated the existence of the requisite amount in controversy. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845, 848. Under this test, it must appear to a legal certainty that the amount in controversy is really for less than the jurisdictional amount before the trial judge may dismiss the action. *See id.* While "there is no question but that this is a test of liberality", it is also true that this test "does not mean that Federal Courts must function as

small claims courts." *Burns v. Anderson*, 502 F.2d 970, 971–72 (5th Cir.1974). Dismissal is required once the trial judge becomes convinced that, as a matter of law, the claim is really for less than the jurisdictional amount. *See id.* Given the DTPA claims and the potential for recovery of punitive damages, the Court is satisfied that the amount in controversy exceeds $75,000, as required under 28 U.S.C. § 1332.

The second requirement for diversity jurisdiction is complete diversity of citizenship between properly joined plaintiffs and defendants. The parties agree that Defendant George S. May Int'l Co. is a Delaware corporation with its principal place of business in Illinois. The parties also agree that Plaintiff Fairmont Travel, Inc. is a Texas corporation with its principal place of business in Texas. Moreover, it is undisputed that one or more of the individual Defendants are, like Fairmont Travel, residents of Texas.

Thus whether the individual Defendants have properly been joined as defendants is the key to resolving the motion before the Court. Defendants contend that all the individual Defendants were fraudulently joined and should be dismissed. If the individual Defendants were dismissed as a parties to this suit, then removal is clearly warranted because there is complete diversity of citizenship between Plaintiff and the remaining Defendants. Plaintiff, on the other hand, contends that the individual Defendants are proper defendants in this action. If Plaintiff is correct, removal would be improper for two reasons: there would not be complete diversity between the Plaintiff and the Defendants as required by 28 U.S.C. § 1332, and at least one Defendant would be a resident of the state in which the removal court sits, contrary to the provisions of 28 U.S.C. § 1441(b).

■ The Court begins by noting that "the burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc.*, 663 F.2d at

549. In order to prove that a non-diverse defendant was fraudulently joined in a case to defeat diversity jurisdiction, the removing party must show either that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts or that there is no possibility that the plaintiff would be able to recover against the non-diverse defendant in state court. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir.1996); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995). "If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law."; *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir.1995).

Since the parties agree that the Plaintiff and the individual Defendants are all residents of Texas, Defendants are not alleging any fraud in Plaintiff's pleading of jurisdictional facts. Hence for Defendants to defeat Plaintiff's Motion for Remand, Defendants must establish that Plaintiff has no possibility of recovering against the individual Defendants under Texas law.

In assessing a "no possibility of recovery" fraudulent joinder claim, the Court must evaluate all of the contested factual allegations in the light most favorable to the plaintiff. In addition, the Court must resolve any uncertainties concerning the current status of controlling state substantive law in favor of the plaintiff. *See Sid Richardson*, 99 F.3d at 751; *Burden*, 60 F.3d at 216. "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990); *see also Burden*, 60 F.3d at 216.

Defendants' burden is a heavy one, and the Court finds that Defendants have failed to carry it. Plaintiff has stated potentially viable tort and DTPA claims against the individual Defendants. Plaintiff has alleged that, *prior* to the execution of the service agreement, the individual Defendants made promises and representations about the services the May Co. would provide. Read in the light most favorable to Plaintiffs, these representations and promises constitute actionable fraud because they were made with the intent, design, and purpose of deceiving the Plaintiff, and were made without the present intention of performing the contractual obligations. *See Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex.1986) (noting that "[a] promise to do an act in the future is actionable fraud when made with the intention, design and purpose of deceiving, and with no intention of performing the act").

In an attempt to prove that Plaintiff cannot possibly recover against the individual Defendants, Defendants point to *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996). The Texas Supreme Court there held that corporate employees have no independent duty to furnish a safe workplace, and therefore corporate employees cannot be held personally liable for the corporation's failure to provide a safe place to work. *See id.* at 120. The *Leitch* court explained that "individual liability arises *only* when the officer or agent owes an *independent* duty of reasonable care to the injured party apart from the employer's duty." *Id.* at 117 (emphasis added). Except for alter ego situations, "corporate officers and agents are subject to personal liability for their action within the employment context only when they breach an independent duty of care." *Id.*

However, Defendants overlook the possibility that Defendants *did* owe an independent duty to Plaintiff. Defendants had "a duty not to make misrepresentations or to make certain disclosures during the contract formation stage", and this duty "is imposed by law independent of a contract and thus, is actionable under the DTPA." *See Howell Crude Oil Co. v. Donna Refinery Partners, Ltd.* 928 S.W.2d

100, 109 (Tex.App.—Houston [14th Dist.] 1996, writ denied).

■ Defendants concede that if the individual Defendants were acting beyond the course and scope of their employment, they could be liable to Plaintiff for a violation of a duty of care owed to Plaintiff. But Defendants claim that if the individual Defendants were acting entirely within the scope of their employment as agents of the May Co. they cannot be liable in their individual capacities. Unfortunately, Defendants fail to demonstrate that, as a matter of Texas law, it is impossible to impose individual liability on the employees of the May Co. under the circumstance of this case. "A corporation's employee is personally liable for tortious acts which he *directs* or *participates* in during his employment." *Leyendecker & Assocs. v. Wechter*, 683 S.W.2d 369, 375 (Tex.1984) (emphasis added); *see also Mayflower Inv. Co. v. Stephens*, 345 S.W.2d 786, 795 (Tex. Civ.App.—Dallas, 1960, writ ref'd n.r.e.) (noting that "an officer or any other agent of a corporation may be personally as responsible as the corporation itself for tortious acts when participating in the wrongdoing"). Plaintiff alleges that some of the individual Defendants knowingly and intentionally engaged in the wrongdoing, and thus Plaintiff could well succeed in imposing liability on one of the individual Defendants, even if that Defendant were acting entirely within the scope of his employment.

In light of the Texas case law just discussed, it is at least possible for Plaintiff to recover against the individual Defendants in their individual capacities. Consequently, these individual Defendants were not fraudulently joined, and their presence in this action destroys the complete diversity of citizenship required to sustain Defendants' removal of the case to this Court.

Because diversity jurisdiction does not afford the Court jurisdiction over the subject matter of this action, 28 U.S.C. § 1332(a), it must remand **FOR WANT OF SUBJECT MATTER JURISDICTION** pursuant to 28 U.S.C. § 1447(c).

Accordingly, Plaintiff's Motion to Remand is **GRANTED,** and this case is **REMANDED** to the 239th Judicial District Court of Brazoria County, Texas.

Furthermore, pursuant to the clear language of 28 U.S.C. § 1447(d), this Order of Remand for lack of subject matter jurisdiction is unreviewable, by appeal, mandamus, or otherwise. *See also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127, 116 S.Ct. 494, 496, 133 L.Ed.2d 461 (1995); *Angelides v. Baylor College of Med.*, 117 F.3d 833, 835 (5th Cir.1997); *Linton v. Airbus Industrie*, 30 F.3d 592, 600 (5th Cir.1994); *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1024, 1027 (5th Cir.1991). The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like. *Any* and *all* further relief shall be sought from the appropriate Texas state court. The parties are also **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**