CHAPMAN, Circuit Judge:
This court is again presented with issues arising from Daikon Shield litigation in the A.H. Robins bankruptcy case. The appellants, plaintiffs in the Daikon Shield litigation, contest the validity of the new Daikon Shield claimants' committee created by the United States Trustee. Appellants’ objection to the new committee was not timely; however, even if it had been, the district court’s findings on the representativeness and validity of the new committee are not clearly erroneous, and we affirm.
I
The United States Trustee, William C. White, initially appointed the pre-existing thirty-eight member ad hoc claimants’ committee as the official claimants’ committee to represent the interests of unsecured creditors who were injured from use of the Daikon Shield. From the beginning, it was apparent that this committee, composed primarily of attorneys representing a variety of clients with differing interests, was extremely unwieldy and had great difficulty in reaching decisions.
In February 1986, the problems became acute. The committee and its bankruptcy counsel, Murray Drabkin, had a disagreement, and Drabkin sought to resign. On the same day, Trustee White filed a motion to dissolve the committee. The court dissolved the committee but denied Drabkin’s motion to withdraw as counsel to the committee, and it required Drabkin to remain as counsel to the Daikon Shield claimants until such time as a newly appointed committee could retain counsel.
During the next month, Trustee White searched for new committee members. As a part of this search, Trustee White openly accepted suggestions from members of the former claimants’ committee, Drabkin, and others. Ultimately, a new committee was appointed, consisting of: (1) Dr. Helen R.H. Cierno, a Daikon Shield claimant with a doctorate in anatomy from the Medical College of Virginia, where she is an assistant professor in the Department of Physiology; (2) Professor Nancy Worth Davis, a Daikon Shield claimant, who is employed as a clinical instructor and director of the Consumer Help Bankruptcy Project at the National Law Center of George Washington University in Washington, D.C., and currently serves on a bankruptcy rules committee; (3) Ann E. Samani, a Daikon Shield claimant, who is an estate administrator with the United States Bankruptcy Court in Lexington, Kentucky; (4) Judith J. Rentschler, an attorney in San Francisco who represents numerous claimants and served on the initial claimants’ committee; and (5) Gorman H. King of Fargo, N.D. who represents approximately three-hundred and eighty Daikon Shield claimants and has been involved in Daikon Shield litigation since 1979 and holds a master’s degree in public health from Harvard University.
After the new committee was appointed, the district court instructed the members that they were free to choose any attorney they wished, but to be hasty because an attorney was needed as soon as possible. The committee met immediately following its introduction to the court and began to discuss the selection of counsel. Over the following weeks, applications were submitted from five law firms, including Drab-kin’s law firm. Four of the law firms made presentations, and ultimately, Drab-kin was retained as counsel.
Seven weeks after the appointment of the new committee, appellants filed a motion, challenging as unrepresentative the members of the claimants’ committee. With their motion, appellants filed a series of motions intended to expedite discovery and enable them to depose the U.S. Trustee, the five members of the new committee, *797 and the three counsel to the committee, Murray Drabkin and Mark Ellenberg of Cadwalader, Wickersham & Taft and George Little of Little, Parsley & Cluveri-us. The district judge expressed reluctance at allowing these depositions. The court was also reluctant to interrupt the new committee members’ performance of their committee duties by taking their depositions. The court stated that the appellants’ central contention, that attorney Drabkin and others had provided suggestions during the Trustee’s selection process for the new committee members, could easily be stipulated, and each attorney for the committee admitted that he had input into the selection process. Ultimately, the district court did grant appellants permission to depose only the new committee members. Appellants filed interrogatories and requests for admissions and proper responses were provided. Appellants scheduled the depositions for September 2, 1986, all four in distant and different jurisdictions: Fargo, North Dakota; San Francisco, California; Washington, D.C.; and Lexington, Kentucky. The district court offered appellants’ counsel a continuance from the September 4 hearing date so depositions could be completed in a less frenzied fashion. Appellants’ counsel stated that his case was ready for trial. Only one deposition was ultimately taken. The record is replete with opportunities provided by the district court for a continuance to enable appellants’ counsel to take the depositions of the committee members.
On September 4, 1986 the hearing commenced. At this time, the court told appellants’ counsel again that it would grant a continuance to facilitate the deposition of the new committee members. The district judge directed that should appellants’ contentions be meritless, appellants would be responsible for deposition expenses and fees incurred by the new committee and its counsel. Appellants’ counsel declined to conduct further discovery and the hearing proceeded.
The district court, while noting that the motion challenging the representativeness of the committee was not timely filed, ruled that the new claimants’ committee was representative, and that no improprieties occurred during the selection process. 65 B.R. 160. This appeal fpllowed.
II
Appellants contend that the district court erred in not allowing them full discovery and in holding that the new claimants’ committee was properly representative. Both of these contentions are meritless. Moreover, this entire proceeding is void on timeliness grounds.
Appellants’ counsel consists of seven law firms formerly represented on the ad hoc claimants’ committee. None of these firms is represented on the new committee which consists of three highly qualified Daikon Shield claimants as well as two very competent attorneys representing multiple claimants.
Despite their adamant opposition to the new claimants’ committee, appellants did not file their motion until seven weeks after the appointment of the new committee. Obviously, the initial weeks of a creditors’ committee’s existence are crucial. In this period important decisions are made on such issues as the appointment of committee attorneys and the formation of negotiation strategy. The appellants have no right to sit idly by for seven weeks while the committee expended time and effort on the case. The appellants were aware of all the facts necessary to bring this action within one week of the new committee’s appointment. Appellants have offered no explanation for their delay.
III
The appellants’ contentions regarding alleged improprieties in the selection process are unfounded. It is the role of the trustee to act as an independent officer in determining who shall serve on an unsecured creditor’s committee. The trustee system was created to avoid the problems extant under the old system, in which creditors’ attorneys could effectively control bankruptcy cases. See, H.R.Rep. 595, 95th Cong. 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, p. 5787 (Report of the *798 Committee on the Judiciary accompanying the Bankruptcy Act of 1978). Trustees have now taken a role as the principal administrative officers in the bankruptcy system. While the trustee system is meant to create independent officers not under the control of creditors’ attorneys, the new system does not prohibit the trustee from receiving information and suggestions in his selection of a competent creditors’ committee.
In the case at hand, Trustee White requested, in open court, information and suggestions from anyone as to the selection of a new claimants’ committee. Several members of the old committee made suggestions and both Drabkin and Little did likewise. The Trustee testified that in choosing the new committee he attempted to make certain that none of the members had any preconceived notions regarding who should serve as counsel for the new claimants’ committee. The district court found that the trustee's actions were proper and that the committee was representative in law and in fact. The district court was not clearly erroneous in so finding.
IV
Appellants also contend that they were denied adequate discovery by the district court because the district court did not allow them to depose the U.S. Trustee and the attorneys for the new claimants’ committee. Further, appellants argue that they were denied adequate discovery in their efforts to depose the new committee members. These arguments are meritless.
The district court repeatedly asked appellants’ counsel to provide a reason why it should be allowed to depose a U.S. Trustee and counsel for the claimants’ committee. Appellants never adequately explained why this information was necessary, nor did appellants ever suggest any facts which could be developed through these depositions.
Regarding the committee members, the district court repeatedly presented appellants with opportunities to delay the hearing until such time as they could depose the new committee members, yet appellants’ counsel did not avail themselves of these opportunities. At oral argument, appellants’ counsel argued that they did not depose all committee members because it would have been prohibitively expensive to pay for the depositions, and the expenses and fees incurred by the attorneys for the committee. This argument is absurd. First, it is incredible that seven law firms with hundreds, if not thousands, of Daikon Shield clients could not afford the expense of deposing five individuals and the concomitant attorneys’ fees and expenses. Second, the district court stated that appellants would be responsible for these expenses only if the depositions of the committee members proved to be useless on the issue of the representativeness of the new committee.
Appellants’ counsel are protesting because the court refused to require the claimants' committee, and, ultimately, A.H. Robins, to finance their fishing expedition. The district court may always restrict discovery where justice requires protection for a party from annoyance, and undue burden or expense. See, Herbert v. Lando, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979). Furthermore, it is always within the trial court’s discretion to sanction attorneys for actions which lack a reasonable foundation in fact or in law. See, Fed.R.Civ.P. 11. The district court did not abuse its discretion in its handling the discovery.
V
In the final analysis, it appears that appellants’ attorneys have brought this appeal not to contest the representative character of the new committee members, but rather to contest the process which cost them a voice on the claimants’ committee. The obligation of the district court is to make sure that the creditors; not the creditors’ counsel, are adequately represented. Judge Merhige was not clearly erroneous in finding that the new claimants’ committee is representative and adequately represents the interests of the Daikon Shield claimants against A.H. Robins.
*799 For the forgoing reasons the opinion of the district court is affirmed.
AFFIRMED.