**NEXGEN SOLUTIONS, INC., Plaintiff,**

v.

**MAXIM GROUP, Defendant.**

**No. 97 C 4394.**

United States District Court, N.D. Illinois, Eastern Division.

June 24, 1997.

Bridget P. Ross, Ross & Associates, Chicago, IL, for plaintiff.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Nexgen Solutions, Inc. ("Nexgen") has filed a Complaint against Maxim Group ("Maxim"), seeking to invoke federal jurisdiction on diversity-of-citizenship grounds. Based on its review of the Complaint and its attached Exhibits, the Subcontract Agreement ("Agreement") and an Engagement Work Authorization,[1] this Court sua sponte dismisses this action for lack of subject matter jurisdiction.

There is no mystery about the provisions of 28 U.S.C. § 1332[2]: It sets out the state-of-citizenship requirements that a plaintiff must expressly identify to establish diversity. In particular, Section 1332(c)(1) creates a concept of dual corporate citizenship, a function both of the state of incorporation and the location of the corporation's principal place of business. Yet Nexgen's counsel have totally ignored that plain roadmap.

As for Nexgen itself, Complaint ¶ 4 refers to it only as "a Maryland Corporation, in good standing," something that presumably identifies its state of incorporation but that is totally silent as to the second facet of corporate citizenship. And as to Maxim, Complaint ¶ 5 says this:

> Defendant MAXIM GROUP ("MAXIM"), is a business headquartered in the City of Fort Worth and the State of Texas, doing business within the Northern District of Illinois.

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

2. All further references to Title 28's provisions will simply take the form "Section—."

That is fatally defective in several respects, which may be ticked off quickly:

1. There is no allegation that the Maxim "business" is in corporate form at all, and the absence of any indicium of corporate existence in the name "Maxim Group" casts a serious cloud on that possibility. If it is not, the Complaint is totally unclear as to the nature of the Maxim entity—and nothing at all is alleged about the relevant citizenship.

2. Even if Maxim is in fact a corporation (and Nexgen's failure to allege that affirmatively would alone compel dismissal here, because the burden of establishing jurisdiction is on the party invoking it), the allegation identifies only where it is "headquartered." That may fairly be interpreted as identifying its principal place of business, but this time the Complaint is silent about Maxim's place of incorporation.

3. Even worse, the Agreement twice repeats this statement:

> The ICO [which under the Agreement stands for Maxim] represents that it is a Corporation incorporated under the laws of the state of *Maryland*, a copy of said Articles of Incorporation are attached herewith.

Thus the Complaint and Agreement, when read together, absolutely negate the existence of diversity between Nexgen and Maxim—for *each* of them is said to be a citizen of Maryland.

What has been said to this point obviates any need to go further, although the exceedingly opaque provisions of the Agreement[3] would also appear to raise a serious question whether the other branch of diversity jurisdiction—the required amount in controversy—is satisfied either. In all events, the lack of demonstrated diversity of citizenship means that federal subject matter jurisdiction is lacking, which requires dismissal of the Complaint and this action on that ground. This Court so orders.

---

3. Complaint ¶ 8 refers to "the plain, unambiguous terms of the Agreement." Nexgen's counsel must be referring to a document different from the one attached to the Complaint, which at least to this Court's eye needs a good deal of explanation.