**Felix A. OLIVIERI, Plaintiff–Appellant,**

v.

**Matt L. RODRIGUEZ, Defendant–Appellee.**

**No. 96–4069.**

United States Court of Appeals, Seventh Circuit.

Argued July 8, 1997.

Decided Aug. 15, 1997.

Kenneth N. Flaxman (argued), Chicago, IL, for Plaintiff–Appellant.

Lawrence Rosenthal, Benna R. Solomon, Susan S. Sher, Meera Werth (argued), Office of Corporation Counsel, Appeals Division, Chicago, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and CUDAHY and RIPPLE, Circuit Judges.

POSNER, Chief Judge.

A probationary Chicago police officer fired on grounds of having sexually harassed female probationers at the police training academy sued the police superintendent under 42 U.S.C. § 1983. The basis of the suit was the ex-officer's claim that firing him on such a ground has prevented him from obtaining other employment as a police officer and by doing this has curtailed his liberty of employment without due process because, being merely a probationer, he was not granted a hearing before (or for that matter after) he was fired. The district court granted summary judgment for the superintendent.

A line of cases that reaches back to *Joint Anti–Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 71 S.Ct. 624, 95

L.Ed. 817 (1951), establishes that although defamation by a public officer is not a constitutional tort, because the interest that it invades, the interest in reputation, is not deemed liberty or property within the meaning of the due process clauses of the *Constitution, Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976); *Dishnow v. School District,* 77 F.3d 194, 199 (7th Cir.1996), when the character and circumstances of the defamation are such as to have "foreclose[d] his freedom to take advantage of other employment opportunities" he can bring a suit based on the deprivation of his liberty of employment or occupation. *Paul v. Davis, supra,* 424 U.S. at 710, 96 S.Ct. at 1164 quoting *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972); see also, e.g., *Bigby v. City of Chicago,* 766 F.2d 1053, 1057 (7th Cir.1985); *Colaizzi v. Walker,* 812 F.2d 304, 307 (7th Cir.1987); *Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991). The classic case of this type, illustrated by *McGrath* itself, is a government blacklist, which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure. See *Board of Regents v. Roth, supra,* 408 U.S. at 573–74, 92 S.Ct. at 2707–08; *Colaizzi v. Walker, supra,* 812 F.2d at 307. The distinction between mere defamation and an infringement of liberty of occupation is merely one of degree, especially when the defamation relates to a person's fitness for a particular type of employment, but it is a distinction to which the courts are committed.

■ This case is unusual because there is no evidence that the defendant disclosed to anyone the grounds of the plaintiff's discharge. The plaintiff argues that this makes no difference to his employability because no police department will hire him without asking him why he was fired by the Chicago Police Department. If he answers truthfully, he will reveal the ground of the termination as effectively as (actually more effectively than) if the Department had taken out a full-page ad in every newspaper in the nation announcing the termination of Felix A. Olivi-

eri for sexually harassing female probationary officers at the Chicago police training academy. This type of argument has persuaded three circuits that dissemination by the defendant in a case such as this is not required after all. *Donato v. Plainview–Old Bethpage Central School District,* 96 F.3d 623, 631–32 (2d Cir.1996); *Brandt v. Board of Cooperative Educational Services,* 820 F.2d 41, 45 (2d Cir.1987); *Ledford v. Delancey,* 612 F.2d 883, 886–87 (4th Cir.1980); *Buxton v. City of Plant City,* 871 F.2d 1037, 1045 (11th Cir.1989). Our court, however, insists on dissemination, e.g., *Johnson v. Martin, supra,* 943 F.2d at 16–17 (explicitly rejecting *Brandt*); *Ratliff v. City of Milwaukee,* 795 F.2d 612, 627 (7th Cir.1986), as do the First and Third Circuits. See *Ortega–Rosario v. Alvarado–Ortiz,* 917 F.2d 71, 74–75 (1st Cir.1990); *Copeland v. Philadelphia Police Dep't,* 840 F.2d 1139, 1148 (3d Cir. 1988). The Fifth and Eighth have hedged, *Hogue v. Clinton,* 791 F.2d 1318, 1322–23 n. 7 (8th Cir.1986); *Burris v. Willis Independent School District, Inc.,* 713 F.2d 1087, 1092 (5th Cir.1983), and the others haven't addressed the issue.

We are not disposed to depart from our position in this intercircuit conflict, and not only because stare decisis has its claims. The contrary position resembles the largely discredited doctrine of "compelled republication" or (more vividly) "self-defamation," which allows the victim of a defamation to satisfy the requirement of publication by publishing it himself, for example to prospective employers as in the present case. *Rice v. Nova Biomedical Corp.,* 38 F.3d 909, 911–12 (7th Cir.1994); *Dishnow v. School District, supra,* 77 F.3d at 199; *Starr v. Pearle Vision, Inc.,* 54 F.3d 1548, 1553–54 (10th Cir.1995). The doctrine is inconsistent with the fundamental principle of mitigation of damages. It is no doubt highly likely that the ground of Olivieri's discharge would become known to prospective employers, but it is not certain. A prospective employer might not ask him—might ask only the Chicago Police Department, which for all we know might refuse to disclose the grounds of Olivieri's discharge; many former employers refuse to answer such inquiries, because of fear

of being sued for defamation. The principle of self-defamation, applied in a case such as this, would encourage Olivieri to apply for a job to every police force in the nation, in order to magnify his damages; and to blurt out to each of them the ground of his discharge in the most lurid terms, to the same end. Most states, as noted in the decisions cited above, reject self-defamation as a basis for a tort claim, and it would be odd for federal constitutional law to embrace this questionable doctrine.

A further consideration in favor of the majority position is brought to light by asking what the Chicago Police Department should have done when it decided to discharge Olivieri. His answer is that it should have granted him a hearing. This comes close to arguing that there is no such thing as probationary public employment—that no public employee can be fired without a hearing because if he is, and the ground of the discharge impugns his fitness for employment in a similar job, as it very often will, his employer will have violated his constitutional rights, no matter how secretive the employer is about the ground.

Finally, there is a qualitative difference, bearing on culpability, between publicizing a stigmatizing ground of dismissal and refusing to do so, that the plaintiff's position would erase. The public employer who goes out of his way to publicize the ground of the dismissal is deliberately taking measures to make it difficult or impossible for the employee to obtain comparable employment, and is thus acting with intent to infringe a constitutionally protected liberty. There is no similar intent in the case in which the employer does not disclose, let alone publicize, the ground of its action. The effect on the employee's future employability is in that case the unavoidable by-product of action taken for a wholly different purpose, that of improving the employer's own work force. The employer in such a case would be unconcerned if the employee found comparable employment elsewhere. The case is thus at the farthest extreme from the blacklist cases out of which the constitutional doctrine arises.

■ The appeal presents another issue. The judge refused to permit the plaintiff to depose the defendant until the plaintiff submitted written interrogatories the answers to which would indicate whether deposing the defendant would serve a useful purpose. The judge was influenced in following this course of action by the fact that the superintendent of the Chicago police is a busy official who should not be taken away from his work to spend hours or days answering lawyers' questions unless there is a real need. *Van Arsdale v. Clemo,* 825 F.2d 794, 798 (4th Cir.1987); cf. *Clinton v. Jones,* — U.S. —, — – —, 117 S.Ct. 1636, 1650–52, 137 L.Ed.2d 945 (1997); *Powers v. Chicago Transit Authority,* 846 F.2d 1139, 1143 (7th Cir.1988).

■ A district judge's discretion in supervising pretrial discovery is broad, *Gehring v. Case Corp.,* 43 F.3d 340, 342 (7th Cir.1994); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.,* 754 F.2d 738, 744 (7th Cir. 1985), and it was not abused here. Quite the contrary; the course the judge followed could well be thought commanded, in the circumstances of this case, by Fed.R.Civ.P. 26(c)(3), which expressly authorizes the district court, in order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense," to direct "that discovery may be had only by a method of discovery other than that selected by the party seeking discovery." Pretrial discovery is time-consuming and expensive; it protracts and complicates litigation; and judges are to be commended rather than criticized for keeping tight reins on it. *Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979); cf. *Clinton v. Jones, supra,* — U.S. at —, 117 S.Ct. at 1658 (concurring opinion). The right to take an immediate appeal from the denial of a motion to dismiss a suit on the basis of official immunity is expressly based, in part, on the burden of discovery to public officials. *Behrens v. Pelletier,* 516 U.S. 299, — – —, 116 S.Ct. 834, 838–39, 133 L.Ed.2d 773 (1996); *Triad Associates, Inc. v. Robinson,* 10 F.3d 492, 496 (7th Cir.1993); *Clinton v. Jones, supra,* — U.S. at —, 117 S.Ct. at 1657 (concurring opinion). They should not have to spend their time giving depositions in

cases arising out of the performance of their official duties unless there is some reason to believe that the deposition will produce or lead to admissible evidence. Under the law of this circuit Olivieri had no case unless the defendant had publicized the ground of Olivieri's discharge. (Even then he had no case against the only defendant whom he has named, the superintendent of the police department, unless the superintendent himself participated in publicizing the grounds of the discharge. E.g., *Monell v. Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978); *Cornfield v. Consolidated High School District No. 230,* 991 F.2d 1316, 1324 (7th Cir.1993).) Deposing the superintendent was not necessary in order to get an answer under oath to this simple question; a written interrogatory would do just as well. Perhaps anticipating a negative answer, Olivieri's lawyer did not propound such an interrogatory and the judge therefore quite rightly refused to let him depose the superintendent.

Affirmed.