**CHICAGO READER, INC. and Tori Marlan, Plaintiffs,**

v.

**Michael F. SHEAHAN, et al., Defendants.**

**No. 99 C 4291.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 20, 2000.

Locke E. Bowman, III, Jean MacLean Snyder, Ann M. Henry, Elizabeth Hotchkiss, MacArthur Justice Center, Chicago, IL, for plaintiffs.

Michael David Jacobs, Cook County State's Attorney, Chicago, IL, for defendants.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiffs claim that the individual plaintiff, reporter Tori Marlan, was denied access to the Cook County Jail in retaliation for unfavorable articles published in 1998. Seeking injunctive relief, they sue the sheriff, the jail director, the public information officer and the press officer in their official capacities. Now they wish to depose the sheriff and the jail director, Ernesto Velasco, and are willing to confine each deposition to 90 minutes. Those defendants object, contending that they haven't relevant evidence, that plaintiffs have not shown a real need for the deposition, *Olivieri v. Rodriguez,* 122 F.3d 406, 409 (7th Cir.1997), and that they at most should be required to answer interrogatories. We quash notice of the sheriff's deposition, pending his response to interrogatories, and partially grant his motion for a protective order, and we deny the motion to quash and for a protective order with respect to the jail director.

The defendants attempt to provide a context to the discovery dispute by suggesting that defendants do not have a legally cognizable claim, but that contention is premature. We assume, for now, that plaintiffs can prevail if they can prove a retaliatory exclusion. If that is so, it matters not who was the decision maker. The question is whether or not there is a "real need" to take those depositions in plaintiffs' effort to prove their case.

Defendant Bill Cunningham, the press officer, has testified that he made the decision to exclude Marlan, that he talked with the sheriff briefly about the March article shortly after it was published, but that he did not advise the sheriff of his decision to exclude until after the suit was filed. He may have discussed the matter with Velasco prior to his decision, and defendants' interrogatory answers list him as having personal knowledge and as a possible witness. Plaintiffs want to question the sheriff about the two conversations and ask him what role, if any, he had in the decision to exclude. But that can be done with three questions, or perhaps two or three more, hardly the stuff of a deposition and, yet, not something that fits comfortably into the format of interrogatories. We authorize plaintiffs to submit six questions to the sheriff pursuant to Rule 31, F.R.Civ.P., to be answered by him orally, under oath, at his convenience. We think, though, that "real need" to depose Velasco is more obvious. He may have talked to Cunningham before the decision, and Cunningham's recollection is uncertain. And defendants have themselves represented that he has personal knowledge. The deposition should not, however, exceed two hours.