**Quinshela BROWN, Plaintiff–Appellant,**

v.

**CHICAGO TRANSIT AUTHORITY, Defendant–Appellee.**

No. 04–1501.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 23, 2004.*

Decided Sept. 23, 2004.

Rehearing and Rehearing En Banc Denied Jan. 11, 2005

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

Quinshela Brown, Chicago, IL, pro se.

Cecelia M. Comito, Chicago Transit Authority Law Department, Chicago, IL, for Defendant–Appellee.

Before EASTERBROOK, WOOD, and EVANS, Circuit Judges.

## ORDER

Eight years ago the Chicago Transit Authority (CTA) fired bus driver Quinshela Brown for falsifying a report about an accident involving her bus. Brown then sued the CTA under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000h–6, claiming that she really was fired because she is female and because she had complained about sexual harassment. We previously affirmed the grant of summary judgment against Brown on these claims. *Brown v. Chicago Transit Auth.*, No. 99–3394, 2000 WL 1180298 (7th Cir. Aug.16, 2000) (unpublished order). The present appeal relates to a subsequent Title VII action filed by Brown, in which she claims that the CTA retaliated against her for the prior litigation by impeding future employment opportunities. The district court granted summary judgment in favor of the CTA, reasoning that Brown had failed to support her claim with anything but personal beliefs and conclusory statements. Brown appeals, and we affirm.

In her amended complaint Brown alleges that in conjunction with her discharge, employees at the CTA prepared false documentation in an effort to legitimize a wrongful termination. Then, she says, the CTA thwarted her attempts to obtain employment elsewhere by providing the false documentation to various companies where she had applied for positions. At summary judgment, however, Brown could not identify even one company where she had

sought employment, that had either requested or received any information relating to her discharge from the CTA. As the CTA pointed out on appeal, Brown in fact had admitted during discovery that she has no personal knowledge of any prospective employer contacting or obtaining information from the CTA. The CTA presented evidence that four financial institutions, but no prospective employer, had sought or received information about Brown; the CTA's disclosures to the financial institutions were consistent with a strict policy regarding the dissemination of information about former employees and did not include details relating to Brown's termination. Brown did not try to dispute this evidence, but instead asserted in opposition to summary judgment that she herself had been compelled to self-report to prospective employers her own beliefs about the reasons for her discharge from the CTA.

Brown presents a number of arguments in her opening brief, but none of them address the reason she lost at summary judgment. An employer may be liable under Title VII, if it provides a negative employment reference to retaliate against a former employee for engaging in protected activity. *See* 42 U.S.C. § 2000e–3(a); *Robinson v. Shell Oil Co.*, 519 U.S. 337, 339–40, 346, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). The plaintiff can survive summary judgment by presenting direct evidence that she engaged in protected activity and as a result suffered an adverse employment action. *See Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 643 (7th Cir.2002). She can likewise overcome a motion for summary judgment by showing indirect evidence of retaliation. *See id.* at 642. However, under either formulation, the plaintiff bears the burden of proving some material adverse employment action taken by the former employer. *See Peters v. Renaissance Hotel Operating*

*Co.*, 307 F.3d 535 (7th Cir.2002), and Brown's conclusory allegations of retaliation are insufficient to make such a showing, *Basith v. Cook County*, 241 F.3d 919, 928 (7th Cir.2001).

■ Brown alleged that she suffered an adverse employment action in the form of false information about her termination being disseminated to prospective employers, but she presented nothing to suggest that the CTA actually provided or even threatened to provide a negative reference to any potential employers. That was the basis for the district court's grant of summary judgment to the CTA, and illustrates why Brown's appeal is without merit.

■ Brown, though, argues for the first time in her reply brief that compelled self-publication can serve as the basis for her retaliation claim. We have found no case discussing this theory in the Title VII context, though as applied to common-law defamation we have rejected the proposition that disclosures by the plaintiff may satisfy the publication element. *See Olivieri v. Rodriguez*, 122 F.3d 406, 408–09 (7th Cir.1997). But this is not an appropriate case to decide whether the doctrine might apply to a retaliation claim brought under Title VII. Brown raised the theory in her response to the CTA's motion for summary judgment but never offered anything to support it beyond her own vague, unsworn assertions, and, regardless, we will not address arguments made for the first time in a reply brief. *Pugel v. Bd. of Trustees of Univ. of Ill.*, 378 F.3d 659, 669 (7th Cir.2004).

Finally, we note that this is the fourth appeal Brown has filed challenging her dismissal as a bus driver by the CTA. Prior cases have turned out to be frivolous. Accordingly, we warn her that any future frivolous appeals will put her at risk of monetary sanctions.

Accordingly, the judgment of the district court is AFFIRMED.