**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNATHON SILVA, | No. 22-15017 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-02639-EJD |
| v. | |
| CITY OF LOS GATOS, a public agency and/or municipal corporation; PETER DECENA, individually and as Chief of Police for Los Gatos-Monte Sereno Police Department, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted February 10, 2023**
San Francisco, California

Before: McKEOWN, BYBEE, and BUMATAY, Circuit Judges.

Johnathon Silva appeals from the district court's judgment dismissing his

action alleging a claim under 42 U.S.C. § 1983 without leave to amend. Silva

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleges that his termination from the Los Gatos police force was an arbitrary and capricious government action that violated his substantive due process rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly concluded that Silva's claim fails to satisfy the standard articulated in *Engquist v. Oregon Department of Agriculture*, 478 F.3d 985 (9th Cir. 2007). Substantive due process in the public employment context is limited to "extreme cases," like a "government blacklist, which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure." *Engquist*, 478 F.3d at 997–98 (quoting *Olivieri v. Rodriguez*, 122 F.3d 406, 408 (7th Cir. 1997)). Silva did not allege that he has been blacklisted from the police force or that the police force was responsible for the public outcry over his hiring. He alleged only that "[i]f [he] can lawfully be terminated on such a basis, he in effect, would never be able to secure employment in any way." His claim does not survive the *Engquist* standard.

We are not persuaded by Silva's attempts to avoid and distinguish *Engquist*. Silva contends that his case is more similar to *Bateson v. Geisse*, 857 F.2d 1300,

2

1303 (9th Cir. 1988) (concluding that a city's denial of a building permit deprived Bateson of his constitutionally protected property interest); *Benigni v. City of Hemet*, 879 F.2d 473, 478 (9th Cir. 1988) (holding that there was sufficient evidence before the jury that police harassment violated a bar owner's substantive due process right to pursue an occupation); and *Sagana v. Tenorio*, 384 F.3d 731, 743 (9th Cir. 2004) (concluding that the government had legitimate reasons for creating a temporary worker program). We disagree.

In *Engquist*, we cited to *Sagana* for the rule that a plaintiff may have a substantive due process claim if they are "unable to pursue an occupation and this inability is caused by government actions that were arbitrary and lacking a rational basis." *Engquist*, 478 F.3d at 997 (citing *Sagana*, 384 F.3d at 742–43). Then we clarified that "[a]ll of our cases recognizing this substantive due process right dealt with government legislation or regulation, and not the acts of a government as an employer, which allegedly prevented the plaintiff from pursuing a specific profession." *Engquist*, 478 F.3d at 997. This distinction matters because "constitutional review of government employer decisions is more constrained than the review of legislative or regulatory ones." *Id.* We also considered and were not persuaded by *Benigni*, which "may have involved substantive due process, but was based on abusive police conduct, and therefore provides little guidance." *Engquist*, 478 F.3d at 997 n.6. Because Silva's claim falls squarely within *Engquist*'s higher

3

standard for public employment substantive due process claims, *Engquist* is dispositive.

The district court did not abuse its discretion when it denied leave to amend. *See Cervantes*, 656 F.3d at 1041. While "leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Id.* At the motion to dismiss hearing, the district court acknowledged that courts should "give liberal attention to amended pleadings" and asked Silva's counsel how the pleading could be amended to suffice. He replied that the pleading would be "easy to cure because effectively Mr. Silva has been blacklisted. He can't get a job as a peace officer because that's just the way it works when you get fired as a cop." The district court followed up, asking "[w]ouldn't he have to show that he has applied and he's been turned down because of a blacklist?" Silva's counsel said he would have to look at the law more carefully but "I've spoken to my client and I know that his career in law enforcement is over." Earlier in the hearing, Silva's counsel stated that they were not pursuing an occupational liberty claim:

> We're not arguing necessarily that Mr. Silva applied here, applied there, and was denied employment, all due to what happened with his employment against the Town of Los Gatos rather the City of Los Gatos. We're arguing that the decision the City made here, the Town made here, had no legitimate basis.

Because these are exactly the types of allegations Silva would need to make to

survive dismissal, in addition to evidence of blacklisting, the district court acted within its discretion in determining that amendment would be futile.

**AFFIRMED.**